## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## ASHLAND

**Civil Action No. 04-cv-185-HRW**

**CLAUDIA WARD,**                                                        **PLAINTIFF,**

**v.**                              **MEMORANDUM OPINION AND ORDER**

**JO ANNE B. BARNHART**
**COMMISSIONER OF SOCIAL SECURITY,**                     **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for a disability insurance benefits and seeking remand for the consideration of additional medical evidence.

The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed. The Court further finds no reason for remand.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for a disability insurance benefits on November 4, 2002 (Tr. 65-67), alleging disability beginning on March 26, 2001, due to spinal surgery with removal of a disc, whiplash and range of motion deficits and weakness and pain in the neck (Tr. 65-67). This application was denied initially and on reconsideration. On October 6, 2003, an administrative hearing was conducted by Administrative Law Judge Charlie Paul Andrus (hereinafter "ALJ"), wherein Plaintiff testified (Tr. 234-242), as did Anthony Michael, a vocational expert (Tr. 243-247). A supplemental hearing was held before the ALJ on February 27, 2004, during which both Plaintiff and Leah Salyers, a vocational expert, testified (Tr. 252-257 and 257-263).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for

2

a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On April 20, 2004, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 14-22). Plaintiff was 43 years old at the time of the hearing decision (Tr. 15). She has a high school education and past relevant work experience as a cashier / stocker and daycare worker (Tr. 15).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 21). The ALJ then determined, at Step 2, that Plaintiff suffered from degenerative disc disease of the cervical spine, osteoarthritis of the left shoulder and wrist and a depressive disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 21). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 21). The ALJ further found that Plaintiff could not return to her past relevant

3

work (Tr. 22) but determined that she has the following residual functional

capacity ("RFC"):

> She has retained full use of her right arm, however, has
> been limited to lifting and/or carrying less than ten
> pounds with the left arm. Sitting/standing/walking have
> not been affected, however she has retained the capacity
> to engage in only occasionally crawling; with no use of
> the left arm for repeated pushing/pulling, handling or
> reaching. Given her depressive symptoms, I grant the
> claimant the benefit of doubt and find that she would, at
> all times, have been limited to simple, routine work.

(Tr. 21-22).

Based upon this RFC, the ALJ, relying upon testimony of the VE,

concluded that the Plaintiff could perform the full range of light work, such as

mail clerk, telephone researcher and receptionist (Tr. 20). The ALJ finally

concluded that these jobs exist in significant numbers in the national and regional

economies, as identified by the VE (Tr. 22). Accordingly, the ALJ found Plaintiff

not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the

ALJ's decision as the final decision of the Commissioner on August 12, 2004 (Tr.

5-9).

Plaintiff thereafter filed this civil action seeking a reversal of the

Commissioner's decision. She then filed a Motion to Remand Pursuant to

4

Sentence Six for consideration of evidence chronicling her condition in late 2004

[Docket No. 7]. This Court overruled the motion, finding that the evidence

proffered was not material in that it did not pertain to relevant period of inquiry

[Docket No. 11]. Plaintff then sought to dismiss this action [Docket No. 12]. The

Commissioner did not object and this Court subsequently sustained the motion

[Docket No. 13]. Thereafter, Plaintiff sought to reinstate her case [Docket N. 14].

Again, the Commissioner did not object. By Order entered on August 2, 2005,

this Court set aside the dismissal [Docket No. 16], redocketed this action and put

the parties on schedule to file dispositive motions.

Both parties have filed Motions for Summary Judgment [Docket Nos. 18

and 19] and this matter is ripe for decision.

## III. ANALYSIS

### A.    Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is

supported by substantial evidence. "Substantial evidence" is defined as "such

relevant evidence as a reasonable mind might accept as adequate to support a

conclusion;" it is based on the record as a whole and must take into account

whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d

383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by

substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B.    Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ failed to give greater weight to the opinion of Plaintiff's treating physicians and (2) the ALJ did not properly evaluate Plaintiff's own testimony.   Plaintiff also seeks remand for consideration of additional medical information not presented at the adminstrative hearing.

### C.    Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ failed to give greater weight to the opinion of Plaintiff's treating physicians.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive deference only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

The Court is mindful that, based upon the record, Plaintff was insured for disability benefits through June 30, 2001. Thus, in order to prevail, Plaintiff must establish disability prior to that date. In other words, the relevant inquiry is what level of functional limitation was present at that time.

The record shows that Plaintiff was involved in an automobile accident on March 26, 2001. The next day, she went to see her primary care physician, Dr. John Bond who noted that Plaintiff had "some mild decrease" in her range of motion for the left shoulder but that she could raise it to 110 degrees (Tr. 192). At that time, Dr. Bond opined that Plaintiff had suffered a "cervical neck strain, L/S spine strain" (Tr. 192). The next week, Dr. Bond recommended physical therapy (Tr. 189). In May 2001, a month before her insured status expired, Dr. Bond noted that Plaintiff was "still having pain in her neck, although it's improved" and further noted that medication had "helped significantly" (Tr. 189). Dr. Bond did

7

not see Plaintff again until September 2001, well after the date last insured.

Plaintff also refers to the opinion of Dawn Porter, her treating chiropractor. However chiropractor is not deemed an acceptable source of medical evidence and is, thus, not entitled to the deference generally afforded to treating physicians. *See* 20 C.F.R. §404.1513(a). Moreover, Ms. Porter's findings are irrelevant to the relevant period of inquiry as Plaintff began treatment with her well after her date last insured.

The record shows that following expiration of her insured status, Plaintiff's condition worsened, culminating surgery. However, as explained above, this Court's review is limited to the relevant period of inquiry. The Court, having reviewed the medical evidence of record, finds no credible opinion from a treating source establishing limitation beyond those included in the ALJ's RFC.

Plaintiff's second claim of error is that the ALJ did not properly evaluate Plaintiff's own testimony. Specifically, Plaintiff argues that the ALJ did not properly consider Plaintiff's allegations of pain.

Upon review of an ALJ's decision, this Court is to accord the ALJ's determinations of credibility great weight and deference as the ALJ has the opportunity of observing a witness' demeanor while testifying. *Walters v. Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997). Again, this

8

Court's evaluation is limited to assessing whether the ALJ's conclusions are supported by substantial evidence on the whole record.

In this case, the ALJ found the claimant's credibility to be "only fair at best" (Tr. 18) and declined to accept the degree of limitation and the extent of pain alleged by her (Tr. 19). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster. As is apparent in the ALJ's decision, Plaintiff's allegations of disabling pain refer to her condition post-surgery. As discussed above, Plaintff underwent surgery after her date last insured. Thus, the worsening of her condition after June 2001 is not relevant to the period of inquiry.

Finally, Plaintff seeks remand for consideration of additional medical evidence. Sentence six of 42 U.S.C. §405(g) provides:

> The court . . . may at any time order additional evidence be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. §405(g). However, the limited circumstances under which

9

remands are permitted arise when the party seeking remand shows that: (1) there is new, non-cumulative evidence: (2) the evidence is "material" - i.e., both relevant and probative, so that there is a reasonable possibility that it would change the administrative result; and, (3) there is good cause for failure to submit the evidence at the administrative level. *Willis v. Secretary of Health and Human Services*, 727 F.2d 551, 554 (6th. Cir. 1984). While it is not, generally, difficult for a party seeking remand to show that evidence is new, it is, generally, onerous to demonstrate that the new evidence is material.

Plaintiff seeks to remand this matter for the submission of eighty-three pages of medical records. However, only a single page pertains to period of adjudication. That record, an MRI report, dated May 2, 2002, is the final recitation of the preliminary report already contained in the record (Tr. 118). There is nothing in this report to suggest limitations beyond those set forth in the RFC. Nor has Plaintff demonstrated how this record would have a reasonable possibility of changing the administrative result. As such, Plaintff has failed to prove that the proffered evidence is material.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's

Motion for Summary Judgment and Renewed Motion for Remand be

**OVERRULED** and the Defendant's Motion for Summary Judgment be

**SUSTAINED**. A judgment in favor of the Defendant will be entered

contemporaneously herewith.

This ___17___ day of April, 2006.

Henry R. Wilhoit, Jr., Senior Judge

11